(52 South. 1036.)

No. 18,348.

FARMERS' UNION WAREHOUSE STOCK CO., Limited, v. RANDALL.

In re RANDALL.

(June 25, 1910.)

(Syllabus by the Court.)

CORPORATIONS (§ 560*) — RECEIVERS — POWER OF COURT.

Where the manager of a corporation had settled his accounts with the board of directors and obtained his discharge before the appointment of a receiver, held, that the court having jurisdiction of the receivership is without power to issue an ex parte order directing the former manager to file an account of his administration.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 560.*]

Action by the Farmers' Union Warehouse Stock Company, Limited, against C. C. Randall. Application by defendant for writs of prohibition against Hon. D. N. Thompson, judge of the Eighth judicial district court, in and for the parish of Catahoula, and T. E. Owen, receiver of the plaintiff company. Writs granted.

John Dale, for applicant.

LAND, J. On the 19th day of April, 1910, the respondent judge, on the unverified petition of T. E. Owen, receiver of the Farmers' Union Warehouse Stock Company, Limited, appearing in his own proper person, and without previous notice or hearing, ordered the relator, C. C. Randall, former manager of the said corporation, on or before the second Monday in June, to make an accounting as prayed for by the receiver, with the production of such accounts, documents, and books and other items as set forth and prayed for in the petition.

The prayer of the petition referred to reads as follows, to wit:

"That there be an order of your honorable court directing and requiring the said C. C. Randall to make an accounting to your honorable court of all his transactions as manager of the said company, together with an itemized statement showing what property came into his hands of said company and what disposition was made of same by him, of all moneys coming into his hands as manager of said company and the place where the same was deposited and the disposition made of same, and of all cotton, staves, and other produce received by him as manager of said company from the stockholders, customers, or other persons, and the place to which same was consigned, the proceeds of the sale thereof, and the disposition made of such proceeds; that he deliver to your honorable court any and all statements, canceled checks and vouchers, bank books, and other memoranda kept by him or in his possession relating in any manner to his transaction as manager of said company, whether kept in the name of C. C. Randall, or Farmers' Union Warehouse Stock Company, Limited, or C. C. Randall, Manager, or in any name."

Relator appeared and excepted on the following grounds:

That the relator held no appointment from the court, and had been merely the manager of the corporation, acting under the board of directors thereof, and that his connection with the company had ended prior to the date of the appointment of the receiver.

That the court was without power or jurisdiction to grant the order as prayed for by the receiver.

That in September, 1909, he had rendered his account to the board of directors of said corporation, and had turned over to said board all the books, documents, and papers in his possession connected with his gestion as manager, and was thereupon discharged and acquitted of all of his obligations to said company, as shown by notarial act registered

in the conveyance records of Catahoula parish, a copy of which act was annexed to relator's exception.

The exception was overruled, and an appeal denied by the respondent judge.

We know of no law or precedent, and have been referred to none, which justifies the order complained of by the relator, who at the time was a third person both as to the corporation and the receivership. The notarial act attached to the exception of relator shows that on September 2, 1909, he, as manager, fully accounted to the board of directors of the corporation, was granted full acquittance and discharge, and his bond was ordered canceled. The sole remedy of the receiver was by ordinary suit to cancel the discharge and release, and to recover whatever might be due the corporation by the former manager.

It is therefore ordered that the provisional writs of prohibition herein issued be made peremptory as prayed for by the relator, and that the receiver pay costs in both courts.